# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

GEVO, INC.,                                     )
                                                )
                    Plaintiff,                  )
                                                )
        v.                                      )    Civ. No. 13-576-SLR
                                                )
BUTAMAX™ ADVANCED BIOFUELS                      )
LLC and E.I. DUPONT DE NEMOURS                  )
AND COMPANY,                                    )
                                                )
                    Defendants.                 )

## MEMORANDUM

At Wilmington this $\lambda^{\omega}$ th day of August, 2014, having reviewed defendant Butamax™ Advanced Biofuels LLC and E.I. DuPont De Nemours and Company motion for attorney fees (D.I. 53), and the papers filed in connection therewith; the court issues its decision based on the reasoning that follows:

1. **Background.** On April 10, 2013, at the request of the parties, all claims and defenses relating to U.S. Patent Nos. 8,017,375 ("the '375 patent") and 8,017,376 ("the '376 patent") were severed into the above captioned action.[1] (D.I. 1) On July 26, 2013, the court granted plaintiffs Butamax™ Advanced Biofuels LLC and E.I. DuPont De Nemours and Company (collectively, "Butamax") motion for summary judgment of non-infringement of the '375 and '376 patents and finding certain claims of the '375 patent invalid. (D.I. 48; D.I. 49) Judgment was entered for Butamax as to these claims on August 8, 2013. (D.I. 51) The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and

---

[1]The procedural history of this action may be found in the court's opinion on summary judgment. (D.I. 48)

1338(a).

2. **Standard**. Section 285 provides, in its entirety, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "When deciding whether to award attorney fees under § 285, a district court engages in a two-step inquiry." *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 915 (Fed. Cir. 2012). The court first determines whether the case is exceptional and, if so, whether an award of attorney fees is justified. *Id.* at 915-16 (citations omitted). The Supreme Court has defined "an 'exceptional' case [as] simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness LLC v. Icon Health & Fitness, Inc.*, — U.S. —, 134 S. Ct. 1749, 1756 (2014).

3. District courts should consider the "totality of the circumstances" and use their discretion to determine on a case-by-case basis whether a case is "exceptional." *Id.* "[A] 'nonexclusive' list of 'factors,' [to consider] includ[es] 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at n.6. Cases which may merit an award of attorney fees include "the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees" or "a case presenting either subjective bad faith or exceptionally meritless claims." *Id.* at 1757. A party seeking attorney fees under § 285 must prove the merits of their

2

contents by a preponderance of the evidence. *Id.* at 1758.

4. **Analysis**. Butamax succinctly summarizes this litigation as "the scenario where a plaintiff is offered the opportunity to investigate and verify facts before filing an infringement action, and instead refuses that offer and immediately files a baseless suit, and loses on summary judgment." (D.I. 68) To support its motion for attorney fees, Butamax focuses on the very arguments presented in the parties' summary judgment briefs, i.e., "that [Butamax's] strains used an enzyme from *Listeria grayi* to catalyze the fourth step of the pathway (not a KIVD from *L. lactis*, as the '375 patent required) and contained a deletion of the FRA2 gene (not an overexpression of genes encoding Aft proteins, as the '376 patent required). (D.I. 54 at 18)

5. As noted in previous decisions by this court, the parties at bar are involved in a race to develop a commercial isobutanol recovery process, a complex and unpredictable technology. After Gevo filed its counterclaims, the parties engaged in an information exchange regarding Butamax's assertions of non-infringement. The parallel nature of the parties' technologies supports Gevo's scepticism of Butamax's representations regarding non-infringement and its research and commercialization plans. Indeed, there has continued to be an extensive pattern of litigation between these parties, with nine cases currently pending between the parties.[2] Moreover, the identification of accused strains has been the subject of disagreement between the parties in several of the litigations.

6. Butamax points out that Gevo filed this lawsuit on the same day as the '375

_____

[2]Butamax is plaintiff in seven of these and Gevo is plaintiff in two. DuPont is also a party to most of the lawsuits.

3

and '376 patents issued. Gevo responds that Butamax requested to amend its complaint the day after Butamax's U.S. Patent No. 7,993,889 patent issued. While Butamax highlights Gevo's press releases regarding the litigation at bar, Butamax ignores its own press releases. Gevo's conduct in the case at bar was not unreasonable, nor is there evidence of "subjective bad faith." While Gevo did not ultimately prevail on summary judgment, the court's opinion was delivered after hearing oral argument on the issues and was based on the parties' briefing and the expert reports. Such an opinion does not support a conclusion that Gevo claims were "exceptionally meritless."

7. **Conclusion**. For the foregoing reasons, the court does not find that this is an exceptional case. Butamax's motion for attorney fees is denied. An appropriate order shall issue.

United States District Judge

4